**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for JOHN RODGERS, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RODGERS,<br>          Plaintiff,<br><br>vs.<br><br>BGD CORP., a California corporation dba BOMBAY GARDEN INDIA CUISINE; VERNE D. HELM and JENNY LOUIE-HELM in their individual capacity and representative capacity as Trustees of the LOUIE-HELM LIVING TRUST; and DOES 1-10, Inclusive,<br><br>          Defendants. | Case No. 19-6314<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES.**<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES
1

# I. INTRODUCTION

Plaintiff JOHN RODGERS ("Plaintiff" or "Rodgers") brings this civil rights action against Defendants BGD CORP., a California corporation dba BOMBAY GARDEN INDIA CUISINE; VERNE D. HELM and JENNY LOUIE-HELM in their individual capacity and representative capacity as Trustees of the LOUIE-HELM LIVING TRUST; and DOES 1-10, Inclusive, (collectively, "Defendants"), for failing to make the their eating establishment, known as Bombay Garden Indian Cuisine (land and building), its adjacent facilities, including, but not limited to, parking areas and paths of travel (hereafter, "Restaurant") and located at or around 5595 Mowry Ave, Newark, CA 94560 accessible to individuals who require the use of a wheelchair for mobility, in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C.§§ 12181-12189 and related California statutes. Plaintiff seeks declaratory and injunctive relief requiring Defendants to remove architectural barriers at the Restaurant, statutory damages, general damages, and reasonable attorneys' fees, costs and litigation expenses.

# II. JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, for ADA claims.

2. This court has supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, predicated on 28 U.S.C. § 1367.

3. Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 and 42 U.S.C. § 12188.

4. All of Defendants' actions complained of herein have taken place within the jurisdiction of the United States District Court for the Northern District of California. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

# III. INTRADISTRICT

5. This case should be assigned to the Oakland/San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## IV. PARTIES

6. Plaintiff is and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff is a paraplegic due to a severe spinal cord injury suffered in a shooting incident over twenty years ago. Plaintiff is unable to independently stand or walk and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is a lifetime resident of Richmond, California.

7. Defendants BGD CORP., a California corporation dba BOMBAY GARDEN INDIA CUISINE; VERNE D. HELM and JENNY LOUIE-HELM in their individual capacity and representative capacity as Trustees of the LOUIE-HELM LIVING TRUST; and DOES 1-10, Inclusive, are, and at all relevant times were, owners, operators, managers, trustors, lessors and/or lessees of the Restaurant. The Restaurant is a public accommodation as defined under Title III of the ADA, 42 U.S.C.A. § 12181(7)(B), and California civil rights laws. Civ. Code, § 51 *et seq.*, and Health & Safety Code § 19955 *et seq*. The Restaurant is open to the public, intended for nonresidential use and its operation affects commerce.

8. Does 1 through 10 are sued under their fictitious names because Plaintiff is unaware of their true identities. Leave to amend will be sought when their true identities are learned. Plaintiff alleges on information and belief that Does 1 through 10 are legally responsible for the wrongdoing alleged herein.

## V. FACTS

9. Rogers dined at the Restaurant on August 30, 2019. During this visit, Rogers encountered structural accessibility barriers such that it made it impossible for Rogers to dine at the Restaurant on a full and equal basis with able-bodied patrons.

10. The ramp leading to the Restaurant's entrance was very poor and dangerous. Namely,

the ramp encroaches into the accessible parking access aisle and the flared sides of the ramp are dangerously sloped. Rogers was fearful that he would fall out of his wheelchair. Moreover, Rogers had difficulty entering inside of the Restaurant because the entrance door was very heavy, and Rogers struggled opening the door with ease.

11. As a result of his experience on August 30, 2019 while dining at the Restaurant, Rogers has been deterred since the aforementioned visit from returning to the Restaurant. Rodgers could and would return to the Restaurant if and when it is made accessible.

12. Before initiating this action, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Restaurant on or about September 26, 2019. While the CASp-certified access consultant could not make detailed measurements, he determined that the Restaurant was also inaccessible in multiple other ways, including, but not limited to, the following:

- Path of travel from sidewalk has steep slope
- ADA parking does not provide van accessible parking
- Front doors (multiple) are fast closing
- Inner door does not provide clear space at pull side due to ornamental statute
- Vision glass in doors is high
- Some entrance doors have higher threshold than usual
- Exit door blocked
- No seating in bar area
- Bathroom door very heavy
- No 60 inch clear space on pull side of bathroom door
- Bathroom door fast closing
- Urinal rim high
- Urinal flush high
- Wc does not have 60 inch wide clear space
- Toilet stall door does not have a handle to pull open

- No side grab bar at toilet
- Rear grab bar away from seat
- Wc flush activator on short side
- Toilet paper seat cover is high
- Toilet paper out of reach
- Paper towel dispenser out of reach
- Sink mirror high

13. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under <u>Doran v. 7-Eleven, Inc.</u> (9th Cir. 2008) 524 F.3d 1034, <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u> (9th Cir. 2011) 631 F.3d 939, and the General Order 56 requirements for Northern District of California "ADA" Title III cases. The Restaurant must be brought into compliance with all applicable federal and state code requirements, according to proof.

14. To date, Defendants have refused to make the Restaurant's facilities, including the restroom facilities, accessible to Plaintiff or bring them into compliance with ADA Architectural Guidelines ("ADAAG"). Defendants knew that these areas were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Restaurant's premises (without much difficulty or expense) and make the facility accessible to the visually impaired/legally blind. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

**VI. FIRST CAUSE OF ACTION**

**Americans with Disabilities Act of 1990 - Title III USC §12101 *et seq*.**

**(Against all Defendants and each of them)**

15. Plaintiff incorporates the allegations contained in paragraph 1 through 14 of this complaint for this claim.

16. Title III of the ADA holds as a 'general rule' that no individual shall be discriminated

COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES
5

against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182 (a).

17. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations provided by the Restaurant.

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12] 82 (b) (2) (A) (iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense" 42 U.S.C.A. § 12182(9).

19. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers without much difficulty and expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

20. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C.A. § 12182(b) (2) (A) (ii).

21. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these good, services, facilities, or accommodations.

22. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorneys' fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

23. Plaintiff also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act and Disabled Persons Act.

**VII. SECOND CAUSE OF ACTION**

**Health & Saf. Code, § 19955 *et seq*.**

**(Against all Defendants and each of them)**

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 23 of this Complaint and incorporates them herein as if separately repled.

25. Health & Saf. Code, § 19955 *et seq.* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities. Health & Saf. Code, § 19955.

26. Plaintiff alleges that the Restaurant was constructed with private funds and underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such the Restaurant and its related facilities, undergo an "alteration, structural repair or addition."

27. Since a violation of state or federal law, including California Health and Safety Code, is also a violation of the Bus. & Prof. Code, § 17200, pursuant to the remedies, procedures, and rights set forth in Bus. & Prof. Code, § 17200, Plaintiff prays for judgment as set forth below.[1]

**VIII. THIRD CAUSE OF ACTION- CALIFORNIA BUSINESS AND PROFESSIONS CODE (UNFAIR, UNLAWFUL, DECEPTIVE BUSINESS PRACTICES and FALSE ADVERTISING)**

**Bus. & Prof. Code, §§ 17200, 17500 *et seq.***

**(Against all Defendants and each of them)**

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 27 of this Complaint and incorporates them herein

---

[1] Note: Plaintiff is not seeking any remedies under the Health & Safety Code, § 19953.

as if separately repled.

29.     Defendants engage in business practices, offer their goods and services for sale, and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, *et seq.,* of the Business and Professions Code.

30.     The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

31.     The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the American's with Disabilities Act as alleged herein.

32.     Plaintiff also alleges that since Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the state of California, Defendants have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, *et seq.,* of the Business and Professions Code.

33.     The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning goods and services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

34.     The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their goods and services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such goods and services to disabled

individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the Americans with Disabilities Act.

35. Plaintiff seeks injunctive relief and restitution to restore to him any money that Defendants obtained by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies give to the Defendants by Plaintiff.

## IX. FOURTH CAUSE OF ACTION - CALIFORNIA DISABLED PERSONS ACT
## Civ. Code, § 54 *et seq*.
### (Against all Defendants and each of them)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 35 of this Complaint and incorporates them herein as if separately repled.

37. Civ. Code, § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

38. Civ. Code, § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

39. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civ. Code, §§ 54(c), 54.1(d).

40. Here, Defendants discriminated against persons with physical disabilities. including Plaintiff, by denying them full and equal access to the Restaurant. Defendants also violated Plaintiff's rights under the ADA, and, therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

41. For each offense of the Disabled Persons Act, Plaintiff seeks actual damages' (both general and special damages), and not less than the statutory minimum damages of one thousand dollars ($1,000) for each offense, declaratory relief, and any other remedy available under Civ.

Code, § 54.3.

## X. FIFTH CAUSE OF ACTION - CALIFORNIA UNRUH CIVIL RIGHTS ACT
### Civ. Code, § 51 *et seq*.
### (Against all Defendants and each of them)

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 41 of this Complaint and incorporates them herein as if separately repled.

43. Civ. Code, § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

44. Civ. Code, § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

45. Civ. Code, § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

46. Defendants' aforementioned acts and omissions denied the physically disabled public, including Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of his physical disability).

47. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

48. Plaintiff was damaged by Defendants' wrongful conduct and seeks actual damages but not less than the statutory minimum damages of four thousand dollars ($4,000) for each offense.

49. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under Civ. Code, § 52(a).

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to wheelchair users and issue a preliminary and permanent injunction directing Defendants to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section**;

2. A declaration that Defendants are in violation of the Americans with Disabilities act for purposes of damages under state law;

3. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

4. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

5. Award to Plaintiff all reasonable restitution for Defendant's Unfair, Unlawful, Deceptive Business Practice and False Advertising;

6. Award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

7. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291; and

8. Grant such other and further relief as this Court may deem just and proper.

Dated: October 2, 2019                    */s/ Irene Karbelashvili*
                                          Irene Karbelashvili, Attorney for Plaintiff
                                          JOHN RODGERS

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: October 2, 2019                    */s/ Irene Karbelashvili*
                                          Irene Karbelashvili, Attorney for Plaintiff
                                          JOHN RODGERS